FILED
CLERK

6/20/2019 11:22 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRYANT HALL,

                Petitioner,

      -against-

ROBERT CUNNINGHAM, Superintendent,

                Respondent.
------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
16-CV-3349

**AZRACK, United States District Judge:**

      Petitioner Bryant Hall ("Hall" or "Petitioner"), proceeding pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. In April 2002, Hall pled guilty to burglary in the first degree, two counts of rape in the first degree, attempted murder in the second degree, robbery in the second degree, and assault in the second degree.

      On May 24, 2002, the Suffolk County Court (the "County Court") sentenced Hall to twenty years imprisonment for the burglary, rape, and attempted murder counts; ten years for the robbery count; and seven years on the assault count, with each sentence to run concurrently. Post-release supervision was not imposed at this time. On January 17, 2006, the County Court resentenced Hall to five years post-release supervision on the assault count. On December 10, 2012, the County Court resentenced Hall to three years of post-release supervision on the assault count. Hall now claims that he was denied due process because when the County Court, at the December 10, 2012 resentencing, corrected the term of post-release supervision on the assault count, the court did not also pronounce his sentence on the other five counts.

      For the following reasons, Hall's petition is DENIED in its entirety.

# I. BACKGROUND

## A. Procedural Background

On April 12, 2002, Hall pled guilty to every count in the indictment filed against him in exchange for a sentencing commitment of twenty years. Hall pled guilty to one count of Burglary in the First Degree (N.Y. Penal Law § 140.30); two counts of Rape in the First Degree (N.Y. Penal Law §§ 130.35(1) and (2)); one count of Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110 and 125.25); one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10); and one count of Assault in the Second Degree (N.Y. Penal Law § 120.05). On May 24, 2002, the County Court sentenced Hall to twenty years imprisonment for the burglary, rape, and attempted murder counts; ten years for the robbery count; and seven years on the assault count, with each sentence to run concurrently. Post-release supervision was not imposed at this time.

Hall appealed the judgment of the County Court on the ground that his plea was not knowingly, intelligently, and voluntarily made because he was not informed that he would be subject to a mandatory period of post-release supervision. In a decision dated May 24, 2004, the Appellate Division for the Second Department (the "Appellate Division") affirmed the County Court's judgment, finding that Hall's contention was not preserved for appellate review as he did not move to withdraw his plea of guilty or vacate the judgment of conviction on that ground. See People v. Hall, 7 A.D.3d 812, 812 (2d Dep't 2004). On August 27, 2004, the New York Court of Appeals denied leave to appeal. See People v. Hall, 3 N.Y.3d 675, 675 (2004).

On November 24, 2003, Hall also moved to vacate his judgment of conviction pursuant to C.P.L. § 440.10 in the County Court. He argued that: (1) his plea was not knowing and voluntary because he was not advised that he would be subject to a mandatory period of of post-release supervision; (2) the prosecutor conspired with his attorneys to keep him from calling a particular

witness in furtherance of a suppression hearing; (3) he was provided with ineffective assistance of trial counsel who allegedly failed to inform Hall of the mandatory period of post-release supervision, failed to make a suppression motion, and "allow[ed] [Hall] to plead guilty"; and (4) his plea was obtained through duress. (Declaration of Edward A. Bannan ("Bannan Decl."), ECF No. 11, ¶ 8.) On May 12, 2004, the County Court denied this motion, finding that Hall's plea was knowing and voluntary, that he received effective assistance of counsel, and that his plea was not obtained through fraud or duress. (Id. ¶ 10.)

On April 4, 2005, Hall filed another motion for reconsideration of the County Court's denial of his C.P.L. § 440.10, seeking vacature of his conviction pursuant to People v. Catu, where the New York of Appeals held that, "[b]ecause a defendant pleading guilty to a determinate sentence must be aware of the post-release supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of post-release supervision requires reversal of the conviction." 4 N.Y.3d 242, 245 (2005). On July 7, 2005, the County Court granted Hall's motion to the extent that an evidentiary hearing would be held to determine whether Hall was advised that a term of post-release supervision would be imposed prior to his plea. (Id. ¶ 13.)

An evidentiary hearing was never held, however, because on January 17, 2006, Hall withdrew his motion as he faced the possibility of being retried and subsequently sentenced to a term of imprisonment of up to fifty years. Hall was then resentenced on the assault count to five years of post-release supervision.[1] (Id. ¶ 14.)

Between February 2006 and July 2011, Hall filed numerous motions to set aside the sentence and motions for reconsideration, which were all denied. (See id. ¶¶ 15–27.)

---

[1] Presumably, Hall was also sentenced to seven years imprisonment on the assault count. However, the record provided to the Court does not make this clear.

3

On January 17, 2012, Hall sent a letter to the County Court stating that he was incorrectly sentenced to five years post-release supervision on his assault conviction—instead of 3 years post-release supervision—because he was not a prior felony offender and requested that the court correct the error. On February 15, 2012, the County Court ordered that the sentence would be amended to correct the duration of the period of post-release supervision. (Id. ¶ 29.)

Hall's second resentencing was held on December 10, 2012. Hall's attorney at the time requested that the County Court resentence Hall on each count in the indictment rather than just the assault count. (Transcript of December 10, 2012 Resentencing ("Resentencing Tr."), ECF No. 11, Ex. A, at 2.) The Assistant District Attorney argued that the only infirmity in Hall's sentence was on the assault count and, thus, there was no reason to resentence him on the other counts. (Id. at 3.) The County Court ultimately resentenced Hall solely on the assault count to a determine term of seven years of imprisonment with three years of post-release supervision running concurrent to the sentences previously imposed on counts one through five. (Id. at 11.) Specifically, the court stated:

> It is my intention to just sentence you to post release supervision on count six, assault in the second degree. I'll sentence you to three-years of post release supervision, and vacate the five years post release supervision under that count. That is the full and final action of the court. Again, that part of that sentence is to run concurrently to all other previously imposed prior sentences[.]

(Id.)

On January 3, 2014, Hall appealed his resentence, arguing that his entire indictment should be dismissed on the ground that he was never legally sentenced, pursuant to CPL §§ 380.20, 380.30, and 380.50,[2] because (1) the sentencing court did not pronounce the sentence for each and

---

[2] CPL § 380.20 provides that "[t]he court must pronounce sentence in every case where a conviction is entered. If an accusatory instrument contains multiple counts and a conviction is entered on more than one count, the court must pronounce sentence on each count." CPL § 380.30, requires, in relevant part, that the "[s]entence must be pronounced

every count for which he was convicted and (2) the delay in being sentenced should trigger dismissal of the entire indictment. (Id. ¶ 36.) On January 21, 2015, the Appellate Division affirmed Hall's resentencing, finding that "it was not necessary for the County Court to resentence defendant on each conviction . . . , when the court only needed to correct an error in the term of the post-release supervision imposed upon one conviction." People v. Hall, 124 A.D.3d 795 (2d Dep't 2015). On August 10, 2015, the New York Court of Appeals denied leave to appeal. People v. Hall, 26 N.Y.3d 929 (2015).

In August 2015, Hall filed another CPL § 440.10 motion to set aside his sentence, arguing, for the first time, that the County Court violated his right to due process when it did not proclaim his sentence on counts one through five at the December 10, 2012 resentencing. (ECF No. 1, the "Petition," at 7.3.) On December 11, 2015, the County Court denied the motion. (Id., Ex. B.) On May 13, 2016, the Appellate Division denied leave to appeal. (Id., Ex. C.)

## B. **The Instant Petition**

Hall filed the instant Petition for habeas relief on August 26, 2016. (ECF No. 1.) Hall initially asserted two grounds for relief: (1) that he was provided ineffective assistance of appellate counsel and (2) that his due process rights were violated by the resentencing court's failure to resentence him on every count on December 10, 2012. In a letter to the Court dated January 2, 2017, Hall requested to withdraw the ineffective assistance of appellate counsel claim from the Petition. (See ECF No. 14.) Accordingly, the Court will only consider Hall's due process claim.

Hall argues that his due process rights were violated when the County Court did not pronounce his sentence on counts one through five when it resentenced him to correct the term of post-release supervision on the assault count. Hall also argues that the County Court effectively

---

without unreasonable delay" and CPL § 380.50 requires that a defendant be permitted to exercise his right of allocution.

5

delegated its duty pronounce the sentence on the other counts to the clerk of the court. (Pet., at 7.2.)

## II. DISCUSSION

### A. <u>Standards of Review</u>

#### 1. Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." <u>Williams v. Taylor</u>, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under AEDPA, a district court will "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, the petitioner must satisfy three hurdles: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of AEDPA's deferential review of state court decisions. <u>See</u> 28 U.S.C. § 2254.

#### 2. AEDPA Standard of Review

If a state court reached the merits of a claim, a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the claim either:

> [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" <u>Jones v. Stinson</u>, 229 F.3d 112, 119 (2d Cir. 2000). A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a

6

conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring). A decision involves "an unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. This standard does not require that all reasonable jurists agree that the state court was wrong. Id. at 409–10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Jones v. Murphy, 694 F.3d 225, 234 (2d Cir. 2012) (quoting Hardy v. Cross, 565 U.S. 65, 66 (2011) (per curiam)). This standard is "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (quoting Metrish v. Lancaster, 569 U.S. 351, 357–58 (2013)), reh'g denied, 573 U.S. 927 (2014). A petitioner must show that the "state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 419–420.

Furthermore, a state court's determinations of factual issues are "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006). A state court's finding of fact will be upheld "unless objectively unreasonable in light of the evidence presented in the state court proceeding." Lynn, 443 F.3d at 246–47 (quoting

7

Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). Thus, a federal court may overrule a state court's judgment only if "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

### 3. Pro Se Status

Hall "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). But, in light of his pro se status, the Court will construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, Hall is not excused from "compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (internal quotation marks omitted)).

## B. Claim for Relief

The sole ground for relief Petitioner asserts in his Petition is that his due process rights were violated when the County Court, in correcting his term of post-release supervision on the assault count, failed to pronounce his sentence on counts one through five. Petitioner alleges that by failing to do so, the County Court impermissibly delegated its authority to impose a sentence to the clerk of the court—who inputted the unchanged sentences on counts one through five into the sentencing and commitment order—in violation of clearly established federal law. (Pet., at 7.2.)

Respondent contends that it was not necessary for the County Court to resentence Petitioner on every count since the sentencing court was merely correcting an error in the term of post-release supervision on one count and counts one through five remained unchanged. Respondent maintains

8

that such a correction does not vacate the original sentence and replace it with an entirely new sentence, but merely corrects a clerical error and leaves the original sentence undisturbed. (Resp't Mem. 8.) Thus, according to Respondent, because a judge pronounced the correction to Petitioner's sentence in open court, as well as the sentence on counts one through five at a previous sentencing, the resentencing did not violate due process. (Resp't Mem. 9.)

The Court agrees with Respondent and, for the following reasons, finds Petitioner's due process claim to be meritless.

It is clearly established federal law that due process requires criminal sentences to be imposed by a judge in open court and no one else. See Hill v. United States ex rel. Wampler, 298 U.S. 460, 464 (1936) ("The only sentence known to the law is the sentence or judgment entered upon the records of the court."); see also Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006) ("Only the judgment of a court, as expressed through the sentence imposed by the judge, has the power to constrain a person's liberty."). The Petition evinces no violation of this principle, as Petitioner's sentence was pronounced by a judge in open court on all occasions. However, Petitioner argues that, by not pronouncing his sentence on counts one through five at the December 10, 2012 resentencing, the County Court impermissibly delegated its duty to sentence defendants to the clerk of the court in violation of due process. In support of this argument, Petitioner cites to Earley v. Murray, 451 F.3d 71 (2d Cir. 2006), reh'g denied, 462 F.3d 147 (Aug. 31, 2006), cert. denied, 551 U.S. 1159 (June 25, 2007), and People v. Sparber, 10 N.Y.3d 457 (2008).

Neither of these cases show that Petitioner's resentencing on December 10, 2012 violated clearly established federal law. In Earley, the petitioner argued that due process prohibited the New York Department of Correctional Services ("DOCS") from administratively adding a five-year term of post-release supervision to his sentence. The Second Court agreed, holding that

9

DOCS' actions violated clearly established Supreme Court precedent. Earley, 451 F.3d at 75–76. The Earley court reiterated the principle articulated in Wampler that "[a]ny alteration to [a defendant's] sentence, unless made by a judge in a subsequent proceeding, is of no effect." Id. at 75. Here, unlike in Earley, the sentencing judge pronounced Petitioner's corrected term of post-release supervision in open court in Petitioner's presence. Likewise, Petitioner's sentence on counts one through five were pronounced by a judge in open court at his first sentencing in 2002; they were not administratively imposed by someone other than a judge. The County Court specified at the December 10, 2012 resentencing that the corrected term of post-release supervision on the assault count "is to run concurrently to all previously imposed prior sentences." (Resentencing Tr., at 11.) Further, due process does not prohibit a court from modifying a previously imposed sentence by conducting another judicial proceeding. See Wampler, 298 U.S. at 464 ("If the entry [of sentence or judgment] is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth."). Indeed, in Earley, the Second Circuit indicated that when faced with an "oversight made by [the] sentencing judge," the proper procedure is for the court to "correct the sentence through a judicial proceeding"—such as the one the County Court did here. Earley, 451 F.3d at 76. Therefore, because every part of Petitioner's sentence was pronounced by a judge in open court, Petitioner's due process rights were not violated.[3]

---

[3] In Sparber, the New York Court of Appeals held, similar to Earley, that the administrative imposition of a term of post-release supervision, in this case, by the clerk of the court was invalid. 10 N.Y.3d at 470. The Sparber court found the sentencing court's failure to orally pronounce the term of post-release supervision rendered that part of the sentence invalid because it did not comport with the New York state law that guarantees defendants the right to hear a sentence's pronouncement directly from the court. Id. at 470–471. Even though Sparber involved the application of state law and, thus, has no direct application to the instant Petition, the County Court did not did not run afoul of Sparber when it resentenced Petitioner on the assault count on December 10, 2012.

In short, that the County Court did not resentence Petitioner on counts one through five at the December 10, 2012 resentencing did not violate clearly established federal law.[4]

### III. CONCLUSION

For reasons stated above, the Petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Petitioner and to close the case.

**SO ORDERED.**

Dated: June 20, 2019
Central Islip, New York

                                              /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE

---

[4] In a letter to the Court dated March 13, 2017, (ECF No. 17), Petitioner points to Gumbs v. Cunningham, where Judge Dearie held, inter alia, that a resentencing correcting a term of post-release supervision constitutes a "new substantive proceeding" for the purpose of determining whether a petitioner's habeas petition qualifies as a second or successive petition under AEDPA. 2017 WL 151596, at *4 (E.D.N.Y. Jan. 13, 2017). Thus, Gumbs has no bearing on the merits of the instant Petition.